UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SOFTWARE PEOPLE, INC.,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Civil Action No.: 2:21-cv-5380 |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, as amended, 29 U.S.C. § 626 (the "ADEA") to correct unlawful retaliation and to provide appropriate relief to Timothy Mailloux ("Mailloux"). The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Software People, Inc. ("Software People" or "Defendant") retaliated against Mailloux by refusing to refer his application for a desktop support position to a client employer after Mailloux objected to and opposed a hiring practice that he reasonably believed was illegal under the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, which incorporates by reference Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## **PARTIES**

3. Plaintiff, the U.S. Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Software People, Inc. has continuously been a Delaware limited liability company doing business in the State of New York and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employment agency regularly undertaking with or without compensation to procure employees for an employer within the meaning of Section 11(c) of the ADEA, 29 U.S.C. § 630(c).

## **ADMINISTRATIVE PROCEDURES**

6. More than 30 days prior to the institution of this lawsuit, Charge No. 525-2018-00388 and Charge No. 520-2018-01618 were filed with the Commission alleging violations of the ADEA by Defendant.

7. The Commission investigated those charges and found evidence to establish reasonable cause that Software People discriminated against the Charging Parties, and a class of similarly aggrieved older workers on the basis of age in violation of the ADEA. The Commission also found evidence to establish reasonable cause that Software People retaliated against a class of older workers, including Mailloux, who refused to answer or objected to discriminatory questions during the recruitment process in violation of the ADEA.

8. On July 1, 2021, after an investigation, the EEOC issued Software People a Letter

of Determination finding reasonable cause to believe that Software People violated the ADEA and inviting Software People to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Software People to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Software People a conciliation agreement acceptable to the Commission.

11. On August 4, 2021, the Commission issued Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Software People has engaged in unlawful practices in violation of Section 4(d) of the ADEA, 29 U.S.C. 623(d) by retaliating against Timothy Mailloux in that it failed to refer his application for a desktop support position because he objected to and opposed a hiring practice that he reasonably believed was illegal under the ADEA.

    a. Defendant Software People, Inc. is a provider of software consulting and information technology-based staffing services throughout United States and has entered into IT staff augmentation contracts with various state and local governmental agencies, including the State of New York.

    b. Software People uses in-house "recruiters" to identify qualified candidates for available IT positions within its client companies and to place those candidates within client companies.

3

c. On January 11, 2018, Asish Goyal ("Goyal"), a recruiter for Software People with the authority to refer candidates to client employers, sent an e-mail to approximately 66,000 recipients seeking applicants for a desktop support position with the New York State Department of Health ("NYSDOH") that contained a subject line stating "Desktop Support …..Albany NY (Need Young Folks Only)."

d. Software People received numerous complaints concerning the January 11, 2018 e-mail, many whom noted that they believed the subject line seeking "Young Folks Only" was facially discriminatory and violated the ADEA.

e. On January 16, 2018, Mailloux e-mailed Goyal to express his interest in the desktop support position with NYSDOH.

f. At the time, Mailloux:

   i. was 59 years old;

   ii. had successfully performed work for the NYSDOH and various other New York State entities in the past;

   iii. had been referred to and selected for positions to which he was referred by Defendant on at least two prior occasions; and

   iv. was otherwise qualified for the position.

g. After a brief e-mail exchange concerning salary for the position, Goyal advised Mailloux that he had consulted with Sandeep Jain, Senior Vice President for Business Development, and confirmed that Mailloux would be referred for the position.

h. On January 18, 2018, Mailloux responded to Goyal's confirmation and advised Goyal to proceed with submitting his application to the NYSDOH.

    i.        However, on January 19, 2018, before referring Mailloux's application to the NYSDOH, Goyal e-mailed Mailloux and requested a copy of Mailloux's resume.

    j.        Mailloux provided Goyal a copy of his resume that same day.

    k.        The resume Mailloux provided described his education but did not provide the year he completed his education.

    l.        Goyal then asked Mailloux "[w]hen have you completed your Associate's and Bachelor's degree?"

    m.        Mailloux objected to the question, stating "[t]hat is an illegal question to ask during the application process, along with requesting my ssn or dob info according to the federal age discrimination act."

    n.        Goyal did not respond to Mailloux's objection and did not communicate further with Mailloux concerning his application.

    o.        Goyal did not refer Mailloux for the desktop support position because of Mailloux's objection to Goyal's age-based question.

    p.        Software People referred nine candidates to the NYSDOH, none of whom objected to age discrimination in Software People's hiring practices.

    q.        As a result, Mailloux suffered harm.

14.    The unlawful employment practices complained of above in paragraph 13 were intentional.

15.    The unlawful employment practices complained of in paragraph 13 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that retaliates against any individual for asserting his or her rights under federal employment law or otherwise engaging in protected activity in violation of the ADEA.

  B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concern or participation with them, from directly inquiring about an applicant's age and asking questions designed to determine an applicant's age.

  C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age or older and to eradicate the effects of its past and present unlawful practices.

  D. Order Defendant to make whole aggrieved-party Timothy Mailloux by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E. Order Defendant to make Mailloux whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

  F. Order Defendant to pay Mailloux liquidated damages for the willful conduct described above, in amounts to be determined at trial.

  G. Grant such other relief as the Court deems necessary and proper to the public interest.

  H. Award the Commission its costs of this action.

**JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:     September 28, 2021

                                      Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

U.S. EQUAL EMPLOYMENT
OPPURTUNITY COMISSION
131 M Street., N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

Kimberly A. Cruz
Supervisory Trial Attorney
Florida Bar No. 153729
U.S. EQUAL EMPLOYMENT
OPPURTUNITY COMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(929) 506-5345
kimberly.cruz@eeoc.gov

*/s/ Edumin Corrales*
_____
Edumin Corrales
Trial Attorney
N.Y. Bar. No. 5645932
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
edumin.corrales@eeoc.gov
T: (862) 338 - 9424